IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| SHERRY SWAGERTY, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | * |
| NANCY BERRYHILL, Acting | *    No. 4:16CV00796-JJV |
| Commissioner, Social Security | * |
| Administration, | * |
| | * |
| Defendant. | * |

**MEMORANDUM AND ORDER**

Plaintiff, Sherry Swagerty, has appealed the final decision of the Commissioner of the Social Security Administration[1] to deny her claims for disability insurance benefits. Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857,

---

[1] Nancy Berryhill was sworn in as Acting Commissioner of the Social Security Administration on January 23, 2017, replacing Carolyn Colvin. She has therefore been substituted as the defendant in this case pursuant to Federal Rule of Civil Procedure 25(d)(1).

1

863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

Plaintiff was forty-five years old at the time of the administrative hearing. (Tr. 42.) She is a high school graduate and earned a certificate in Child Development. (*Id.*) The Administrative Law Judge (ALJ) determined Plaintiff had past relevant work as a child monitor. (Tr. 32.)

Plaintiff alleges she is disabled due to a back disorder and the resulting pain associated with her back impairment. (Tr. 69-70.) The ALJ[2] found Ms. Swagerty had not engaged in substantial gainful activity since December 20, 2013 – the alleged onset date. (Tr. 29.) She has "severe" impairments in the form of degenerative disc disease. (*Id.*) The ALJ further found Ms. Swagerty did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1.[3] (Tr. 30.)

The ALJ determined Ms. Swagerty had the residual functional capacity to perform a reduced range of light work. (*Id.*) Accordingly, he determined she could no longer perform her past work. (Tr. 32.) So he utilized the services of a vocational expert to determine whether other work existed in significant numbers that Plaintiff could perform despite her impairments. (Tr. 60-68.) Through

---

[2]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[3]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

asking hypothetical questions of the vocational expert, the ALJ concluded Ms. Swagerty could perform the job of storage facility rental clerk.  (Tr. 33.)  Accordingly, the ALJ determined Ms. Swagerty was not disabled.  (*Id*.)

In support of her Complaint, Ms. Swagerty argues the Commissioner erred in not remanding her case based on the opinion evidence of J. Michael Calhoun, M.D.  (Doc. No. 10 at 7-11.)  The Commissioner counters that this evidence does not rise to the level of material evidence.  (Doc. No. 11 at 4-5.)

Based on the Notice of Appeals Council Action, it appears they "looked at" Dr. Calhoun's opinion.  (Tr. 2.)  Regardless, the United States Court of Appeals for the Eighth Circuit has provided guidance for these circumstances:

> The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record. 20 C.F.R. § 404.970(b). The newly submitted evidence is to become part of what we will loosely describe here as the "administrative record," even though the evidence was not originally included in the ALJ's record. *Browning v. Sullivan*, 958 F.2d 817, 823 n. 4 (8th Cir. 1992). If the Appeals Council does not consider the new evidence, a reviewing court may remand the case to the Appeals Council if the evidence is new and material. *See Williams v. Sullivan*, 905 F.2d 214, 217 (8th Cir. 1990).  If, as here, the Appeals Council considers the new evidence but declines to review the case, we review the ALJ's decision and determine whether there is substantial evidence in the administrative record, which now includes the new evidence, to support the ALJ's decision. *Browning*, 958 F.2d at 823.

*Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992) (footnote omitted).

With regard to Dr. Calhoun's medical source statement, the Appeals Council stated, "The Administrative Law Judge decided your case through October 30, 2015.  This new information is about a later time.  Therefore, it does not affect the decision about whether you were disabled beginning on or before October 30, 2015."  (Tr. 2.)  Although Dr. Calhoun states Ms. Swagerty's

limitations reached their present level on August 28, 2015 - before the ALJ rendered his decision - the record fails to support this conclusion. Therefore, I find no error in the Appeals Council decision.

But even giving Ms. Swagerty all benefit of the doubt and considering Dr. Calhoun's medical source statement, I find the ALJ's decision is supported by substantial evidence. While Plaintiff correctly notes that the opinion of a treating physician is generally accorded a high degree of deference, *e.g., Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991), that deference is not justified when, as is the case here, the opinion consists of nothing more than conclusory statements. *Id*. (two-page insurance company form); *Ward v. Heckler*, 786 F.2d 844, 846-47 (8th Cir. 1986) (one-page Social Security Administration form). And although Plaintiff's MRI does show some abnormality, it fails to support limitation to the degree reported by Dr. Calhoun. (Tr. 12.)

Additionally, a treating physician's opinions are not conclusive in determining disability status, and must be supported by medically acceptable clinical or diagnostic data. *Wilson v. Chater*, 76 F.2d 238, 241 (8th Cir. 1996); *Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989). Dr. Calhoun's opinion is simply not supported by the evidence of record, including the MRI. (Tr. 12.)

The evidence fails to support a conclusion that Ms. Swagerty is completely disabled. "Disability" is the "inability to engage in any substantial gainful activity by reason of any *medically determinable* physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The overall evidence of record fails to support her claim of disability. Although Jim Takach, M.D., and Rita Allbright, M.D.,

reviewed only the medical evidence and did not have the benefit of examining Ms. Swagerty, their opinions that Plaintiff was capable of performing light work constitute substantial evidence upon which the ALJ could rely.  (Tr. 70-75, 79-87.)

Unquestionably, Plaintiff suffers from some degree of limitation.  I am sympathetic to her claims.  But it is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).  The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

THEREFORE, the Court hereby affirms the final decision of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 27th day of April, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE